# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ST. GREGORY CATHEDRAL SCHOOL; ADK QUARTER MOON, LLC; LEXMI HOSPITALITY, LLC; and SHRI BALAJI, LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS, INC., a Republic of Korea corporation and LG ELECTRONICS, U.S.A., INC., a Delaware corporation,<br><br>Defendants. | Case No. 6:12-cv-739 |

## THE PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER

The parties have agreed to all but two terms of a protective order governing discovery in this case. While the plaintiffs realize that the Court strongly prefers the parties to agree on all of the terms, they have nonetheless reached an impasse over the two issues discussed below. The stalemate has come about despite the parties' diligence in corresponding on numerous occasions since the scheduling conference. Now, the named plaintiffs would like the Court to issue the proposed order attached as Exhibit 1 to resolve the dispute.

The plaintiffs' proposed order is simple, to the point, and provides a straightforward method for designating discovery materials as confidential. More importantly, it will protect the defendants' interests, which LG Korea and LG USA

1

recognized when they agreed to a similar order in *Cottage Builders, Inc. v. LG Electronics U.S.A., Inc., et al.* (Ex. 2), a case pending in the Circuit Court of Jefferson County, Alabama. The proposed protective order tracks closely the language of the protective order entered in *Cottage Builders*, adds a reasonable clawback provision to further protect the parties' interests, and includes a Declaration of Disclosure form (Ex. 1.A) to protect against third parties disclosing sensitive information.

The impasse exists because LG Korea and LG USA have proposed a dense, jargon-laden 18-page protective order that takes an unnecessary two-tiered approach to designating documents. (*See* Ex. 3.) The first tier allows a party to mark documents as "Confidential" while the second tier allows a party to mark documents as "Highly Confidential." Different sets of rules and restrictions apply to each tier, and these regulations cover topics ranging from how to categorize the documents to how to challenge a given designation to who can see what documents in which category to how to use the documents during different points in the litigation. The defendants have failed to articulate a rationale for the requested extra layer of confidentiality, and because the parties are not competitors, it is unclear what protections the extra burdens add. The defendants' two-tiered approach, therefore, would create a wholly unnecessary maze of rules and restrictions that will encourage officiousness instead of an efficient adjudication on the merits.[1]

---

[1] Counsel is particularly wary about encouraging gamesmanship when it comes to marking documents given his experience in the *Cottage Builders* case. There, the LG entities have continually marked garden-variety marketing materials as "confidential" despite distributing those documents to thousands of third parties and, in some cases, posting the materials on its public website.

LG Korea and LG USA also insist that they need a retroactive clawback provision. This, the LG entities claim, is needed to protect against inadvertent disclosures of attorney–client communications and work product in the *Cottage Builders* case. But this argument misses the mark: the Alabama Rules of Civil Procedure already provide a method for a party that inadvertently discloses privileged documents or attorney work product to claw that material back. *See* Ala. R. Civ. P. 26(b)(6).[2] The LG entities need only invoke Rule 26(b)(6)(B) in the *Cottage Builders* case if they believe they have disclosed privileged information. Moreover, the LG entities have already produced a 161-page privilege log in that case without invoking Rule 26's clawback provision. Thus, the retroactive clawback provision in LG Korea and LG USA's proposed protective order does nothing more than add an extra layer of complicated rules without providing any protective benefit, let alone one commensurate with the burdens it imposes. Perhaps more importantly, the retroactive clawback would allow the LG entities to mark documents one way in the *Cottage Builders* litigation and mark them another way here. There is no

---

[2] Rule 26(b)(6)(B) states as follows:

> (B) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Either party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

Ala. R. Civ. P. 26(b)(6)(B).

reason for treating documents inconsistently in these cases; they are either privileged or confidential or they are not.

Because LG USA and LG Korea have already agreed that the protective order in *Cottage Builders* will protect their interests, this Court should enter a similar order. Doing so will allow the parties to keep legitimately confidential documents confidential while simultaneously discouraging procedural gamesmanship and abusive discovery practices. The Court, therefore, should enter the proposed protective order attached as Exhibit 1.

Respectfully submitted this the 5th day of April, 2013.

    */s/ Sean W. Shirley*
One of the attorneys for St. Gregory Cathedral School, ADK Quarter Moon, LLC, Lexmi Hospitality, LLC, and Shri Balaji, LLC.

**OF COUNSEL:**
Robert Christopher Bunt
State Bar No. 00787165
rmparker@pbatyler.com
Robert M. Parker
State Bar No. 15498000
rcbunt@pbatyler.com
Charles Ainsworth
State Bar No. 00783521
charley@pbatyler.com
Andrew T. Gorham
State Bar No. 24012715
tgorham@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson St.
Suite 1114
Tyler, Texas 75207
Phone: (903) 531-3535
Fax: (903) 533-9687

J. Russell Campbell
rcampbell@balch.com
Gregory C. Cook
gcook@balch.com
Charles A. Burkhart
cburkhart@balch.com
Sean W. Shirley
sshirley@balch.com
Michael L. Edwards
medwards@balch.com
BALCH & BINGHAM LLP
P.O. Box 306
Birmingham, Alabama 35201-0306
Phone: (205) 251-8100
Fax: (205) 226-8798

## CERTIFICATE OF CONFERENCE

  Plaintiffs' counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Sean Shirley, lead counsel for Plaintiffs, communicated with defense counsel multiple times over the course of the past week in an attempt to reach an agreement. The parties, however, reached an impasse.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on April 5th, 2013 in compliance with Local Rule CV-5(a). Thus, the document was served on all counsel who are deemed to have consented to electronic service. *See* Local Rule CV-5(a)(3)(A). Any other counsel of record or *pro se* parties will be served by electronic mail, facsimile transmission, or first class mail on this date.

>                                    */s/ Sean W. Shirley*
>                                    Of Counsel