IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ST. GREGORY CATHEDRAL SCHOOL; ADK QUARTER MOON, LLC; LEXMI HOSPITALITY, LLC; and SHRI BALAJI, LLC on behalf of themselves and all others similarly situated, : : : : : : | |
| Plaintiffs, : | Case No. 6:12-CV-739 |
| v. : : | |
| LG ELECTRONICS, INC., a South Korean corporation, and LG ELECTRONICS U.S.A., INC., a Delaware corporation, : : : : | |
| Defendants. : | |

## MOTION FOR PROTECTIVE ORDER

Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. ("Defendants") hereby submit this motion for protective order and incorporated memorandum of law. In support of this motion, Defendants show the Court as follows:

The parties informed the Court during the March 18, 2013 scheduling conference that they were negotiating the terms of a proposed protective order. The Court initially allowed the parties up through and including April 1, 2013 to submit an agreed order for the Court's consideration. On April 1, because the parties had not yet resolved their dispute regarding the terms of the protective order, Plaintiffs filed a motion, with Defendants' consent, requesting through and including April 5, 2013 to file an agreed order. The Court granted that motion on April 4.

The status of the parties' negotiations regarding the terms of a protective order is described in the communication attached as Exhibit A hereto. In short, despite repeated

1

assurances from Plaintiffs' counsel that the essential terms of Defendants' proposed protective order were acceptable, and despite Defendants' attempts to resolve any concerns Plaintiffs expressed regarding Defendants' proposal, Plaintiffs have declared an impasse on this issue. They claim to be unable to agree regarding terms to which they previously expressed no objection and, in at least one instance, expressly invited.

As Defendants understand it, the dispute now centers on two provisions of Defendants' proposed protective order (1) the potential designation of documents as "Highly Confidential" and (2) a proposed "claw-back" provision requiring the return of information inadvertently produced or deemed produced in this case. As described below, Defendants' proposed protective order is reasonable under the circumstances of this matter. Defendants respectfully request that the Court enter their proposed order, attached as Exhibit B hereto.

A.  **Defendants' Proposed Order Is Tailored To Protect "Confidential" Information Against Disclosure To The General Public And To Protect "Highly Confidential" Information Against Disclosure To Competitors.**

Plaintiffs have already demanded the production of significant amounts of material in this case, at least some of which contains highly sensitive information including the processes used to manufacture, design and/or engineer air conditioner units. Defendants operate in a highly competitive environment, and some of the documents Plaintiffs seek go to the very heart of Defendants' competitive advantage. As a result, Defendants propose a confidentiality order that creates two levels of confidentiality, "Confidential" and "Highly Confidential." Access to "Confidential" documents would be restricted but would allow disclosure to non-parties under appropriate safeguards. (Defendants' Proposed Order ¶ 8.) The "Highly Confidential" designation would be limited only to documents that "(a) contain[] or constitute[] (i) trade secrets, (ii) confidential research, (iii) development or commercial information, including but not limited to sensitive financial data, technical information, proprietary or nonpublic commercial

information, or commercially or competitively sensitive information, (iv) compensation information of current or former employees of a Producing Party, or (v) confidential information about clients and customers of a Producing Party; and (b) that would not otherwise be adequately protected under the procedures" for Confidential Information. (*Id.* ¶ 5.) "Highly Confidential" documents are subject to further restrictions designed to ensure that neither such documents, nor the information contained in those documents, will be disclosed to Defendants' competitors. (*Id.* ¶ 9.)

Courts commonly employ two-tiered protective orders when protecting documents with differing levels of sensitivity. *See, e.g., Cacique, Inc. v. Robert Reiser & Co., Inc.*, 169 F.3d 619 (9th Cir. 1999); *Life Technologies Corp. v. Biosearch Technologies, Inc.*, 2011 WL 1157860, at *1 (E.D. Tex. Mar. 29, 2011); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 556 (N.D. Ga. 1992) (three-tiered order); *C.A. Muer Corp. v. Big River Fish Co.*, 1998 WL 488007, at *4 (E.D. Pa. Aug. 10, 1998). This precedent makes clear that a two-tiered protective order is appropriate in this case.

Plaintiffs argue that the highly confidential designation unnecessarily restricts Plaintiffs' ability to prosecute this case. They have not identified a single, un-resolved, administrative or substantive burden that this designation would unfairly impose. Plaintiffs contend merely that Defendants will overuse the highly confidential designation. Of course, the protective order sets forth a procedure for challenging any designation. That process is the proper way for addressing any issues that may arise related to overuse of the highly confidential designation. Refusing to authorize that designation entirely, where Plaintiffs have conceded that they seek highly sensitive information including confidential trade secrets, is improper.

B.     **Defendants' Proposed Order Contains An Appropriate Claw-Back Provision With Protections For Documents Inadvertently Produced.**

In recognition of the expedited discovery schedule in this case and the scope of the discovery anticipated, Defendants' proposed protective order contains a "claw-back" provision. (*Id.* ¶¶ 11-12.) This provision authorizes any "Producing Party" to demand the return of documents inadvertently produced and protects against continued use of such information. (*Id.*) The claw-back provision tracks the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure.

The Court is already aware that Plaintiffs have asked Defendants to agree that documents Defendants produced in a related matter (*Cottage Builders, Inc. v. LG Electronics U.S.A., Inc., et al.*, Case No. 01-CV-2011-903505.00, pending before the Circuit Court of Jefferson County, Alabama) be deemed produced in this case. In light of this request, the claw-back provision Defendants propose would also allow Defendants' counsel in this case to demand the return of documents inadvertently produced in *Cottage Builders*. This protection is designed to ensure that to the extent any documents were or will be inadvertently produced in *Cottage Builders*, counsel in this case could demand their return and prohibit their continued dissemination in this case.

Plaintiffs previously invited a claw-back with this scope, but they now refuse to agree to it. Plaintiffs claim that the claw-back provision is too broad, yet they do not describe how, and they have not proposed any edits to the provision that would be acceptable to them. The claw-back provision is reasonable under the circumstances here and considering Plaintiffs' request to deem documents produced in *Cottage Builders* produced in this matter.

## **CONCLUSION**

Defendants request that the Court entered a protective order in the form of the document attached hereto as Exhibit B.

DATED this 5th day of April, 2013.

                                            Respectfully submitted,

                                            /s/*Jonathan R. Chally*_____
                                            David L. Balser
                                            Stephen B. Devereaux
                                            Jonathan R. Chally
                                            KING & SPALDING LLP
                                            1180 Peachtree Street, NE
                                            Atlanta, GA 30309-3521
                                            Phone: 404 572 4600
                                            Facsimile: 404 572 5100

                                            Bruce Hurley
                                            State Bar No. 10311400
                                            KING & SPALDING LLP
                                            1100 Louisiana Street, Suite 4000
                                            Houston, TX 77002-5213
                                            Phone: 713 751 3200
                                            Facsimile: 713 751 3290

                                            ***COUNSEL FOR LG ELECTRONICS, INC. and***
                                            ***LG ELECTRONICS U.S.A., INC.***

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date I electronically filed this **MOTION FOR PROTECTIVE ORDER** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


Dated:  April 5, 2013                _/s/Jonathan R. Chally_____

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that, in connection with the **MOTION FOR PROTECTIVE ORDER**, counsel has complied with the meet and confer requirement in Local Rule CV-7(h), and this motion is opposed. The communication attached as Exhibit A describes the numerous phone calls and communications during which the parties attempted to resolve their dispute regarding the terms of a proposed protective order. Most recently, on April 1, 2013, I conferred with J. Russ Campbell and Sean W. Shirley, counsel for Plaintiffs, to discuss the outstanding issues regarding the protective order. For the reasons identified in Exhibit A hereto, the parties were unable to reach agreement.


Dated: April 5, 2013                     */s/Jonathan R. Chally*_____