# Chally, Jon

| | |
|---|---|
| **From:** | Chally, Jon |
| **Sent:** | Friday, April 05, 2013 9:45 PM |
| **To:** | Shirley, Sean |
| **Cc:** | Campbell, Russ; Balser, David; Parker, Sarah Elizabeth |
| **Subject:** | Re: St. Gregory |

Since you filed a competing order already this evening, I assume this offer no longer stands.  In any event, we cannot agree to it.  If you refuse to provide specific edits to the draft and refuse to allow for a highly confidential designation, we are at an impasse.

On Apr 5, 2013, at 6:55 PM, "Shirley, Sean" <SShirley@balch.com> wrote:

> Jon,
>
> Our best and final proposal is this:  1. Clawback consistent with the federal rule on attorney client privilege and work product; 2. No dual designation.
>
> Sean
>
> Sent from my iPhone
>
>
> Sean W. Shirley, Partner, Balch & Bingham LLP
> 1901 Sixth Avenue North * Suite 1500 * Birmingham, AL 35203-4642
> t: (205) 226-8761    f: (205) 488-5685   e: sshirley@balch.com
> www.balch.com
> ~~
>
> On Apr 5, 2013, at 5:37 PM, "Chally, Jon" <JChally@KSLAW.com> wrote:
>
>> Russ -
>>
>> We continue to believe that we should be able to reach an agreement here, but we are struggling to understand your objections and the basis for your belief that we are at an impasse.  We cannot revise the order to address concerns that we do not understand.
>>
>> On the highly confidential designation, the protective order defines the documents that can be marked as highly confidential.  The designation can be used only for a document that "(a) contains or constitutes (i) trade secrets, (ii) confidential research, (iii) development or commercial information, including but not limited to sensitive financial data, technical information, proprietary or nonpublic commercial information, or commercially or competitively sensitive information, (iv) compensation information of current or former employees of a Producing Party, or (v) confidential information about clients and customers of a Producing Party; and (b)  that would not otherwise be adequately protected under the procedures set forth herein for Confidential Information."  I mentioned to you and Sean that it is difficult for us to describe more precisely the documents that could be subject to this designation at this point, when we have not seen all of the documents that might be produced.  In any event, I described that we expected that the designation would be used for documents revealing LG's trade secrets, including documents revealing the processes by which LG engineers/designs/manufactures air conditioner units.  We investigated the issue further after our discussion earlier this week.  I can now say that LG expects to apply the designation to the following categories of documents:  Documents of heightened commercial, economic, or competitive importance, including for example design plans or specifications, non-public product information, customer information or lists, current or future business plans, new product or business development, trade secrets, proprietary engineering information, internal financial information, competitively sensitive business-related contracts, proprietary data, and pricing or cost information.
>>
>> I do not understand your point that there are "extreme limitations" on the use of highly confidential information.  Are there categories of people that you believe should

be able to receive highly confidential documents but cannot under the protective order? Are there ways that use of highly confidential information is restricted under the protective order that you find problematic?  We have heard Sean's point about being able to share highly confidential information with experts, and we have addressed that issue in the current draft of the order.  What else concerns you?
>>
>> On the claw-back, we have articulated our position consistently.  A claw-back is typical.  Such a provision tracks the requirements of the federal rules and is included in many (if not most) protective orders entered in cases involving potentially significant document productions.  In fact, the initial draft ESI order David Burkholder proposed to us in this case contained a claw-back provision.  The only difference in the claw-back contained in our draft order is the application to CBI-produced documents.  That additional protection is necessary in light of your request (and the Court's suggestion) that we deem CBI documents produced in St. Gregory.  We are simply trying to make sure that, in St. Gregory, LG has claw-back protection for all of the documents produced in St. Gregory, whether they are produced for the first time in this case or produced in St. Gregory by way of the agreement regarding CBI-produced documents.
>>
>> St. Gregory lawyers are not in the same position as CBI lawyers on the claw-back.  We've already seen this play out.  When you filed your first amended complaint, which attached as an exhibit a document inadvertently produced in CBI without a confidentiality stamp, we had to rely on CBI-counsel to ask Judge Boohaker to require return and re-marking of the document.  St. Gregory lawyers, who have not appeared in CBI, could not do that.  Relying on Judge Boohaker and CBI-counsel is inefficient for all parties in St. Gregory, and certainly the Court, and it is not sufficient protection in St. Gregory if we are going to deem the CBI documents produced in this case.
>>
>> Other than the application to CBI-produced documents, I do not understand the basis for your objection to the claw-back.  How does it go beyond the requirements of the federal rules in a way that you find problematic?
>>
>> I am available to discuss at my office number:  404-572-4673.  As I mentioned above, we do not want to have to submit competing orders.
>>
>>
>> -----Original Message-----
>> From: Campbell, Russ [mailto:rcampbell@balch.com]
>> Sent: Friday, April 05, 2013 5:37 PM
>> To: Chally, Jon
>> Cc: Balser, David; Shirley, Sean; Parker, Sarah Elizabeth
>> Subject: RE: St. Gregory
>>
>> Jon, Sean is in the air and I am still tied up in meetings on the West Coast. I won't break free for another hour or so. I cannot, at this point, respond point by point to your e-mail below. I will say that we have attempted to get a better understanding of the type of documents you would anticipate being in the "Highly Confidential" designation. You agreed to come back with some articulation. You have not. As we have said on multiple occasions, we cannot agree to that open-ended designation coupled with such extreme limitations. The procedure we have proposed adequately protects LG. In the CBI case we had designations for "proprietary" and "confidential," but the protection afforded each is identical. That level of protection has worked in the CBI case and there is no reason it can't work here. The extreme measures you have proposed for "Highly Confidential" documents are simply too onerous.
>>
>>
>>
>> As for the clawback issue, last week you articulated the basis for your positions as being the need to have the same protections in this case as the attorneys had in the CBI case. As I explained to you this morning, there was no clawback provision in the CBI case. As such, you are in exactly the same position. With the rules that we all already have to comply with concerning inadvertent disclosure, we do not understand why you need what you have requested.
>>
>>
>>
>> Finally, I will respond to your final point. We are not attempting to take advantage of

the change in counsel. We are attempting to protect our clients' interest and will continue to do so.
>>
>> We certainly want to reach an agreement, but have not seen movement on your part on these two issues. If there is room to move, let's keep working. If not, we have no choice but to put the respective positions before the court.  Once I leave my meeting, I will have my cell on (205) 229-4701.
>>
>>
>>
>> [[image]]
>>
>> J. Russ Campbell, Partner, Balch & Bingham LLP
>> 1901 Sixth Avenue North * Suite 1500 * Birmingham, AL 35203-4642
>> t: (205) 226-3438 c: (205) 229-4701  f: (205) 488-5859  e:
>> rcampbell@balch.com www.balch.com<http://www.balch.com/>
>>
>> _____
>> From: Chally, Jon [JChally@KSLAW.com]
>> Sent: Friday, April 05, 2013 3:31 PM
>> To: Shirley, Sean
>> Cc: Balser, David; Campbell, Russ
>> Subject: St. Gregory
>>
>>
>> Sean -
>>
>>
>>
>> We are surprised and disappointed by your change in course regarding the protective order.  We first sent a draft protective order to you on March 13, 2013.  While we had hoped to reach agreement on the order before our March 18 scheduling conference, you did not provide any proposed edits to the order before the conference.  Based on the comments from Plaintiffs' counsel during the scheduling conference, however, we expected any proposed revisions to be minor and there to be little difficulty in resolving any issues.  You will recall that, after the Court's admonition during the scheduling conference to not "even go there" on the possibility of competing orders and the Court's related directive that "[y]ou can reach an agreement" on the protective order, your co-counsel, Mr. Bunt, responded with "[y]es, Your Honor, we will do that."  Tr. at 29.
>>
>>
>>
>> Then, on March 20, you sent a "working redline" of the protective order that you said your team had not "been able to sit down together and discuss."  Over the next few days, we mentioned to you that the edits you proposed were unacceptable, particularly because you had removed the claw-back provision that we previously told you was essential to this case.  On March 25, you agreed to withdraw that edit.  In fact, you said that "I agree that the clawback provision needs to be added back in."  You did not attempt to hedge on that position at all, and you certainly did not suggest that you needed to clear that position with the rest of your team.
>>
>>
>>
>> We provided you with a revised version of the protective order later on March 25.  As your March 25 email invited, we added back the claw-back provision.  We also suggested, as we had in the first proposal we submitted to you, that the protective order needed to have two-tiers to provide protection for the uniquely sensitive documents and information that you claim to be relevant in this case.
>>
>>
>>
>> We next discussed the protective order on Thursday, March 28.  We began our call that day by informing you that LG had engaged replacement counsel in this matter and that we would be withdrawing from the case at the earliest practicable opportunity.  We also told you that we intended to continue negotiating the protective order until we reached a mutually satisfactory resolution on any outstanding issues regarding the terms in that

3

order.  We then discussed these outstanding issues.  Repeating the point we learned from your March 25 email, you mentioned no objection to the claw-back provision of the protective order.  Indeed, the only concern you raised related to the highly confidential designation in the protective order.  You expressed concern because, in your view, the draft protective order would not allow you to disclose documents marked as highly confidential with Plaintiffs' experts unless LG consented to that disclosure.  We reminded you of the uniquely sensitive confidentiality issues associated with the documents you seek in this case, and we explained how those issues justified the restrictions imposed by the protective order.  Nonetheless, in an effort to work with you and resolve our dispute, we agreed to consider modifying the protective order to provide you with greater flexibility in sharing highly confidential information with experts.  You mentioned no other concerns regarding the terms of the protective order.
>>
>>
>>
>> Following up on our discussion, we sent you a redline of the protective order on Sunday, March 31.  This redline addressed the only concern you mentioned during our March 28 conference call. It allowed highly confidential information to be shared with experts, without prior consent from LG, so long as those experts agreed to be bound by the terms of the protective order.
>>
>>
>>
>> Then, on Monday April 1, the day Judge Schneider had ordered the parties to submit a protective order, Russ Campbell sent an email declaring that the parties were at an impasse on the scope of the protective order.  The only specific complaint Russ mentioned related to the claw-back provision, the same provision that you invited us to include just the week prior.  Neither you nor Russ suggested proposed edits to the draft we had circulated.  In response, we reminded you that the Court did not want the parties to submit competing orders, and we asked for an opportunity to discuss the specific objections you raised.  I then had separate phone calls with you and, later, with you and Russ.  You mentioned two primary concerns:  the claw-back provision and the highly confidential designation.  Incidentally, you also indicated that while Russ' impasse email was based, in part, on your construction of paragraph 18 of the protective order, you had misread that paragraph.  You withdrew your objection to that paragraph as a result.  Also during those calls, you and Russ agreed to review the order once again and propose edits the next day to address any concerns still existing.  You finally suggested that the parties jointly request an extension of the due date for submitting a protective order so we could resolve these remaining issues.
>>
>>
>>
>> We did not hear from you the next day.  Indeed, even though we agreed to jointly request that the Court provide the parties more time to work through any issues on the protective order, you made no attempt to work through these issues since Monday.  We did not even hear from you until today, after I sent two emails inquiring as to the status of any edits you planned to propose.  Like Russ did earlier this week, you have unilaterally declared an impasse.
>>
>>
>>
>> It appears that you object to the claw-back provision and to the existence of a highly confidential designation. As to the claw-back provision, you acknowledge that you are bound by Rule 26(b)(5) of the Federal Rules of Civil Procedure, but you claim that the claw-back provision included in the protective order simply goes too far beyond this rule.  It does not.  The provision tracks the protection provided by Rule 26(b)(5) quite closely.  To the extent it provides additional protection to LG in this case and authorizes LG to claw-back documents produced in the related CBI litigation, that protection is required because you have requested that LG deem all documents produced in CBI produced in this case.  Without a claw-back that applies to documents produced in CBI, LG cannot benefit from the protection that Rule 26(b)(5) is designed to provide.
>>
>>
>>
>> As to the highly confidential designation, you argue that it unnecessarily restricts Plaintiffs' ability to prosecute this case, but you have not identified a single, un-

4

resolved, administrative or substantive burden imposed by this designation that impacts you.  You simply contend that you expect LG will overuse the highly confidential designation.  Of course, the protective order describes the ways that you can challenge any designation if you think it is mis-used.  That process is the proper way for addressing any issues that may arise related to overuse of the highly confidential designation.  Refusing to authorize that designation entirely, in a case where you concede that you seek highly sensitive information including confidential trade secrets, is improper.
>>
>>
>>
>> Plaintiffs' objections to the protective order are without merit, and they appear designed to take advantage of the transition in LG's counsel responsible for this case.  The objections should be withdrawn.  If not, we are prepared to submit competing orders and to explain to the Court the back-and-forth described above.
>>
>>
>> Jonathan R. Chally
>> King & Spalding LLP
>> 1180 Peachtree Street, NE
>> Atlanta, Georgia 30309-3521
>> 404.572.4673
>> fax 404.572.5139
>> jchally@kslaw.com
>>
>> _____
>>
>> King & Spalding Confidentiality Notice:
>>
>> This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.
>