IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ST. GREGORY CATHEDRAL SCHOOL; | : | |
| ADK QUARTER MOON, LLC; LEXMI | : | |
| HOSPITALITY, LLC; and SHRI BALAJI, LLC, | : | |
| on behalf of themselves and all others similarly | : | |
| situated, | : | |
| | : | |
| Plaintiffs, | : | Case No. 6:12-CV-739 |
| | : | |
| v. | : | |
| | : | |
| LG ELECTRONICS, INC., a South Korean | : | |
| corporation, and LG ELECTRONICS U.S.A., | : | |
| INC., a Delaware corporation, | : | |
| | : | |
| Defendants | : | |

## [PROPOSED] PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure by Plaintiffs St. Gregory Cathedral School, ADK Quarter Moon, LLC, Lexmi Hospitality, LLC, and Shri Balaji, LLC (collectively, "Plaintiffs"), Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "Defendants"), and third parties.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect until superseded or terminated by consent of the parties or by Order of the Court made upon reasonable written notice.

In support of this Order, the Court finds that:

1.      Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information" or "Highly Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation (the "Action") may assert that public dissemination and disclosure of Confidential Information or Highly Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information or Highly Confidential Information and could place that party at a competitive disadvantage;

3.      Counsel for the party or parties receiving Confidential Information or Highly Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information or Highly Confidential Information as the confidential, proprietary, and/or trade secret nature of such Confidential Information or Highly Confidential Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in the case, the following Order should issue:

**IT IS THEREOFRE ORDERED THAT**

1.      **Applicability of Order**:  This Protective Order governs the use and handling of documents, as defined in Federal Rule of Civil Procedure 34(a)(1)(A), data, testimony, interrogatory responses, responses to requests for admission, responses to requests for production of documents, depositions and deposition exhibits, electronically stored information, and all other discovery, including all copies, excerpts, and summaries thereof, obtained pursuant to the Federal Rules of Civil Procedure by or from a Defendant, Plaintiff, or third party (a "Producing Party") in connection with the Action (this information hereinafter referred to as "Discovery

2

Material"), including documents and information used in this Action that were produced or obtained in *Cottage Builders, Inc. v. LG Electronics U.S.A., Inc., et al.*, Case No. 01-CV-2011-903505.00, pending before the Circuit Court of Jefferson County, Alabama.

2.      **Scope of Order:**  Discovery Material shall not be disclosed to any person except in accordance with the terms of this Protective Order and shall be used only for the purposes of prosecuting or defending the Action and not for any other purpose, including any competitive purpose.  Nothing in this Protective Order is to be construed to expand or limit the parties' discovery obligations.  Nothing in this Protective Order limits or restricts a party's right to use any information properly and lawfully obtained independent of discovery in this Action, whether or not the document, material, or information is also obtained through discovery in the Action.

3.      **Protected Material:**  Discovery Material may be designated by a Producing Party or other party (if different from the Producing Party, a "Designating Party") as "Confidential" or "Highly Confidential" in accordance with this Protective Order if, and only if, the Producing Party in good faith believes that the Discovery Material discloses Confidential Information or Highly Confidential Information, as those terms are defined below.  Any party receiving Confidential Information or Highly Confidential Information (a "Receiving Party") may object to the "Confidential" or "Highly Confidential" designation and request the removal of such designation by following the procedures outlined in paragraph 16 below.

4.      **Confidential Information**:  "Confidential Information" includes any Discovery Material that is not in the public domain and that discloses confidential, personal, financial, proprietary, technical, or commercially-sensitive information.

5.      **Highly Confidential Information**:  "Highly Confidential Information" includes Confidential Information that (a) contains or constitutes (i) trade secrets, (ii) confidential

research, (iii) development or commercial information, including but not limited to sensitive financial data, technical information, proprietary or nonpublic commercial information, or commercially or competitively sensitive information, (iv) compensation information of current or former employees of a Producing Party, or (v) confidential information about clients and customers of a Producing Party; and (b)  that would not otherwise be adequately protected under the procedures set forth herein for Confidential Information.

6.      **Designation of Information**:  Any Producing Party may designate any Discovery Material as "Confidential" or "Highly Confidential" at the time of disclosure, production, or tender, as follows:

a.      **Documents.**   The designation of Discovery Material in the form of Documents and Discovery Materials other than depositions or other pretrial testimony as Confidential Information or Highly Confidential Information shall be made by a party by affixing the legend "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN ST. GREGORY, ET AL. V. LG USA, INC., ET AL., CASE NO. 6:12-CV-739" or "HIGHLY CONFIDENTIAL: ACCESS RESTRICTED BY COURT ORDER IN ST. GREGORY, ET AL. V. LG USA, INC., ET AL., CASE NO. 6:12-CV-739" to each page containing any Confidential Information or Highly Confidential Information to which the designation applies.

b.      **Depositions and Other Proceedings.**   The designation of Discovery Material in the form of deposition testimony, other pretrial testimony, and the transcripts and video recordings of depositions or pretrial testimony in this Action shall be made by a party (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within fifteen (15) business days of the deposition or other pre-trial testimony.

4

c.      **Non-Written Materials.**  In the case of electronically stored information produced in electronic form, the Producing Party shall affix to each electronic document to which the designation applies the legend "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN ST. GREGORY, ET AL. V. LG USA, INC., ET AL., CASE NO. 6:12-CV-739" or, in the case of Highly Confidential Information, the legend "HIGHLY CONFIDENTIAL: ACCESS RESTRICTED BY COURT ORDER IN ST. GREGORY, ET AL. V. LG USA, INC., ET AL., CASE NO. 6:12-CV-739."

To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("computerized material") is produced in a native or other form such that it cannot be marked as described in the preceding paragraph, the Producing Party may designate such matter as Confidential or Highly Confidential by cover letter to the Receiving Party referring specifically to the portions of the computerized material so designated  and by labeling such computerized material accordingly.

7.      **Disclosure of Confidential Information and Highly Confidential Information**: Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and distribution of information designated Confidential and Highly Confidential.

8.      **Persons Authorized to Receive Confidential Information**:   Confidential Information may be disclosed, summarized, characterized, described or otherwise communicated only to the following persons:

a.      The Court and its personnel;

b.      Court reporters or other persons involved in taking, transcribing, or

videotaping depositions, hearings, or trial in this Action;

      c.      Special masters, mediators, or other third parties appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their necessary staff;

      d.      The parties, and any employees and inside counsel of the parties to whom it is necessary to disclose Confidential Information for the purposes of the Action, or who are directly involved in the management, prosecution, defense, or settlement of the Action or the supervision of outside counsel;

      e.      Any person who prepared, received, reviewed, or otherwise had been provided access to the Confidential Information prior to its production in the Action;

      f.      Counsel of record in the action, counsel listed on Exhibit A (attached hereto), and in-house counsel for a Defendant;

      g.      Consultants and experts retained by a party for this Action, including principals and employees of the firm with which consultants or experts are associated, provided that such consultants and experts agree to be bound by the terms of this Protective Order by executing the Acknowledgement and Agreement to be Bound, attached hereto as Exhibit B, before Confidential Information is disclosed to them;

      h.      Professional vendors that provide litigation-support services, including outside copying services, court reporters, companies engaged in the business of supporting computerized or electronic-litigation discovery or trial preparation, jury or trial consultants, and mock jurors participating in a jury-focus group, provided that all of these individuals agree to be bound by the terms of this Protective Order;

      i.      Any non-party witnesses or deponents, and their counsel, or potential

non-party witnesses, and their counsel, as to whom a party has a reasonable belief that the non-party witness or deponent has relevant information regarding Confidential Information, and provided that before disclosure, the non-party witnesses, or potential non-party witnesses and their counsel agree to be bound by the terms of this Protective Order by executing the Acknowledgement and Agreement to be Bound (Exhibit B);

j.      Any other person as to whom the party or non-party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to every other party; and

k.      Any other person expressly named and agreed to in writing by the parties or by further Order of the Court.

9.      **Persons Authorized to Receive Highly Confidential Information:**      Highly Confidential Information may be disclosed, summarized, described, characterized, or otherwise communicated only to the following persons:

a.      The Court and its personnel;

b.      Court reporters or other persons involved in taking, transcribing, or videotaping depositions, hearings, or trial in this Action;

c.      Counsel of record in the action, counsel listed on Exhibit A (attached hereto), and in-house counsel for a Defendant;

d.      Any person who prepared, received, reviewed, or otherwise had been provided access to the Highly Confidential Information prior to its production in this Action;

e.      Consultants and experts retained by a party for this Action, including principals and employees of the firm with which consultants or experts are associated, provided that such consultants and experts are not employed or engaged by, or otherwise affiliated with,

7

any competitor of LG Electronics, Inc. or LG Electronics U.S.A., Inc. and provided further that such consultants and experts agree to be bound by the terms of this Protective Order by executing the Acknowledgement and Agreement to be Bound, attached hereto as Exhibit B, before Highly Confidential Information is disclosed to them;

f.      Any other person expressly named and agreed to in writing by the parties or by further Order of the Court.

g.      Nothing in this paragraph shall preclude counsel from giving advice to his or her client in this Action that includes a general evaluation of Highly Confidential Information, provided that counsel shall not disclose the contents of any Highly Confidential Information contrary to the terms of this Protective Order.

10.      **Disclosure to Parties Not Authorized**:  If Confidential Information or Highly Confidential Information is disclosed to someone other than in the manner authorized by this Protective Order, the party responsible for the disclosure must, within ten (10) business days after learning of the disclosure, inform the Producing Party of all pertinent facts relating to the disclosure and make diligent efforts to retrieve the designated material and prevent any further disclosure unauthorized by this Protective Order.

11.      **Inadvertent Production of Confidential Information or Highly Confidential Information:**  Any inadvertent production of Confidential Information without a "Confidential" designation or of Highly Confidential Information without a "Highly Confidential" designation will not be deemed a waiver of the Producing Party's claim of confidentiality to the information. The Producing Party may designate the information as Confidential or Highly Confidential later if appropriate, and any Discovery Material so designated shall be treated from the time of that designation as Confidential Information or Highly Confidential Information.  Such correction

and notice thereof shall be made in writing within ten (10) days  after discovery of the inadvertent production, accompanied by appropriately designated substitute copies of each document, thing, or information.   Those individuals who received the document, thing, or information before notice of inadvertent production by the Producing Party shall, within fifteen (15) days of receipt of the substitute copies, (i) return or destroy all copies of the inadvertently produced information in their possession, (ii) take all reasonable steps to ensure that any such inadvertently produced information is recovered from any third parties to whom it may have been provided prior to notice, and (iii) provide a certification of counsel that all of the inadvertently produced information in that individual's possession has been returned or destroyed.  This paragraph shall apply to Discovery Material produced or obtained in this Action and documents and information used in this Action that were produced or obtained in Cottage Builders, Inc. v. LG Electronics U.S.A., Inc., et al., Case No. 01-CV-2011-903505.00, pending before the Circuit Court of Jefferson County, Alabama.

12.   **Production of Privileged or Protected Information**:  Pursuant to Rule 502(d) of the Federal Rules of Evidence, if in connection with the Action a Producing Party discloses information or produces documents that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.  When a Producing Party determines Disclosed Protected Information has been disclosed:

a.     The Producing Party should promptly assert in writing attorney-client

privilege or work product protection with respect to the Disclosed Protected Information.  The Receiving Party must, unless it contests the claims of attorney-client privilege or work product protection in accordance with paragraph (b), within  ten (10) business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.  Within  ten (10) business days of the receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

      b.      If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must, within ten (10) business days of receipt of the claim of disclosure, move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion").  The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the Disclosure Motion, the Receiving Party must not use the Disclosed Protected Information or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

      c.      The parties may stipulate to extend the time periods set forth in paragraphs (a) and (b).

      d.      Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Protective Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.  Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that appear on their face to be privileged and to disclose to the

DMSLIBRARY01-20488717.1

Producing Party that such materials have been produced.

        e.      The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

        f.      For purposes of this paragraph, Disclosed Protected Information shall include Discovery Material produced or obtained in this Action and documents and information used in this Action that were produced or obtained in Cottage Builders, Inc. v. LG Electronics U.S.A., Inc., et al., Case No. 01-CV-2011-903505.00, pending before the Circuit Court of Jefferson County, Alabama.

        13.      **Filing Confidential Information and Highly Confidential Information with the Court:**  Confidential Information and Highly Confidential Information designated in this Action shall not be filed with the Clerk except when required in connection with matters in this Action.  The party filing the Confidential Information or Highly Confidential Information must file under seal and comply with the requirements of Local Rule CV-5(a)(7).   Confidential Information and Highly Confidential Information shall be kept under seal unless otherwise ordered by the Court, provided, however, that Confidential Information and Highly Confidential Information and other papers filed under seal shall be available to the Court, to outside counsel of record, and to all other persons entitled to receive the Confidential Information or Highly Confidential Information contained therein pursuant to the terms of this Protective Order.

        14.      **Use of Confidential Information or Highly Confidential Information During Depositions**:

        a.      Confidential Information or Highly Confidential Information shown to any

witness during a deposition shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

b.      The party noticing a deposition shall obtain each witness's endorsement of the Acknowledgement and Agreement to be Bound (Exhibit B).  Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information or Highly Confidential Information not provided by them or the entities they represent unless they sign the Acknowledgement and Agreement to be Bound (Exhibit B) and otherwise comply with this Protective Order.  While a deponent is being examined about any Confidential Information or Highly Confidential Information, persons to whom disclosure is not authorized under this Protective Order shall be excluded from being present.

c.      If, during a deposition or within fifteen (15) business days thereafter, a Producing Party advises the Court reporter that Confidential Information or Highly Confidential Information has been disclosed during a deposition, the Producing Party must identify the specific portions of the transcript containing Confidential Information or Highly Confidential Information and those portions of the transcript shall be treated as Confidential or Highly Confidential under this Order and shall be designated as such pursuant to paragraph 6 before the transcript is distributed.  The Court reporter shall include on the cover page a clear indication that portions of the deposition have been designated as Confidential or Highly Confidential.

15.     **Confidential Information and Highly Confidential Information Offered as Evidence at Trial**:  Confidential Information and Highly Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives notice to counsel for the Producing Party, and files any confidential documents under seal,

pursuant to Paragraph 13.  The party filing the Confidential Information or Highly Confidential Information shall follow the procedures set forth in Local Rule CV-5(a)(7).  Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.   The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such Discovery Materials or information at trial.

16.   **Challenges to Confidential or Highly Confidential Designation:**  A party shall not be obliged to challenge the propriety of a Confidential Information or Highly Confidential Information designation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Action.

a.   **Challenge.**  Any Receiving Party to whom Confidential Information or Highly Confidential Information is produced or disclosed may object to the confidentiality designation or redaction any time prior to thirty (30) days before the first deadline for any party to produce exhibit lists.  The objection shall be made in writing to counsel for the Designating Party and briefly (i) identify with reasonable particularity the documents and/or information which are the subject of the challenge, and (ii) describe the specific legal or factual grounds for the challenge.

b.   **Meet and Confer.**  Once a challenge is made, the Designating Party will bear the burden of initiating and conducting a sufficient meet and confer per Local Rule 7(h).  If the parties are unable to reach an accord as to the proper designation of the documents or information, the objecting party may apply to the Court for a ruling that the documents or information shall not be so designated.  The Designating Party bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential as defined in this

DMSLIBRARY01-20488717.1

Protective Order.

        c.      **Status of Challenged Designation Pending Judicial Determination.**

Until the parties or the Court resolves a dispute over the asserted designation, all parties and persons shall treat the information or material in question consistent with its asserted designation.

      17.    **Right to Use Own Information:**  Discovery Material subject to the terms of this Protective Order shall be used only for the purposes of this Action, shall not be used for any business, competitive, or other legal purpose or function, and shall not be disclosed to anyone except as expressly permitted herein.  However, nothing contained in this Protective Order shall apply to any designating party's handling of its own Confidential Information or Highly Confidential Information that has been designated as such solely by that party.

      18.    **Subpoenas or Other Compulsory Process from Non-Parties**:  If a Receiving Party is served with a subpoena, order, interrogatory, document or civil investigative demand, or some other form of compulsory process (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Information or Highly Confidential Information by someone other than the Receiving Party, the Receiving Party shall give prompt written notice within ten (10) business days of receipt of such Demand to the Producing Party and/or the Designating Party, if different from the Producing Party, and shall object to the production of such materials pursuant to the Demand on the grounds of the existence of this Protective Order.  The burden of opposing the enforcement of the Demand shall fall upon the Producing Party and/or Designating Party. Unless the Producing Party and/or Designating Party obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive

to the Demand on the Demand response date.  Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential Information or Highly Confidential Information shall not constitute a violation of this Protective Order.  Nothing in this Protective Order shall be construed as authorizing a Party to disobey a lawful subpoena issue in another action.  In the event that Confidential Information or Highly Confidential Information is produced to a non-party to this Protective Order in response to a Demand, such Discovery Material shall continue to be treated in accordance with its designation as Confidential or Highly Confidential by the parties to this Protective Order.

19.    **Protective Order Remains in Effect**:  This Protective Order is binding on all parties to this Action and on all non-parties who have signed the attached "Exhibit B."  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon reasonable written notice.  Unless otherwise ordered or agreed upon by the parties, this Protective Order shall survive the termination of this Action.  The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may deem appropriate.

20.    **Duration**:

a.    After termination of this Action, counsel of record for the Receiving Party may retain one archival copy of the Discovery Materials obtained in this Action and designated as Confidential or Highly Confidential.   Such archival materials shall continue to be treated as Confidential Information or Highly Confidential Information, as applicable, under this Protective Order.  Nothing herein shall require the return or destruction of attorney work product.

b.    This Protective Order shall continue to be binding throughout and after the

conclusion of this Action, including any appeal thereof.  This Protective Order shall remain in effect until all Confidential Information and Highly Confidential Information is returned to the Designating Party or destroyed, as provided below in subparagraph c.

      c.    Within sixty (60) days after termination of this Action, by dismissal, final non-appealable judgment or otherwise, each party shall return to counsel for the Producing Party all information designated Confidential or Highly Confidential under this Protective Order, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained, except as otherwise provided in this subsection.  In the alternative, the Receiving Party may supervise the destruction of all such information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained. Counsel shall then advise all Producing Parties' counsel in writing that all Confidential Information and Highly Confidential Information, including all copies, prints, excerpts, and other reproductions of such information, however generated or maintained, have been destroyed or returned.

      21.    **<u>Notes, Summaries, Compilations, and Copies</u>**:  Any notes, summaries, compilations, or copies containing Confidential Information or Highly Confidential Information or electronic images or databases containing Confidential Information or Highly Confidential Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which the notes, summaries, compilations, copies, electronic images, or databases are made or derived.

      22.    **<u>No Prejudice</u>**:  Complying with the terms of this Protective Order, or agreeing to and/or producing or receiving Confidential Information or Highly Confidential Information shall not:

a.       Prejudice in any way the rights of the parties to object to the production

of documents on any ground permitted by the Federal Rules of Civil Procedure;

b.       Prejudice in any way the rights of any party to object to the authenticity or

admissibility into evidence of any document, testimony or other evidence subject to this

Protective Order;

c.       Prejudice in any way the rights of a party to seek a determination by the

Court whether any Confidential Information or Highly Confidential Information should be

subject to the terms of this Protective Order; or

d.       Prevent a Producing Party from authorizing disclosure of its own

Confidential Information or Highly Confidential Information to any party.

23.    **No Prejudice for Further Relief:**  Nothing in this Protective Order prejudices

the ability of any party to seek other or further relief from the Court.

24.    **Violations of the Protective Order**:  In the event that any person or party should

violate the terms of this Protective Order, the aggrieved Designating Party shall apply to the

Court to obtain relief against any such person or party violating or threatening to violate any of

the terms of this Protective Order.  In the event that the aggrieved Designating Party seeks

injunctive relief, it must petition this Court for such relief, which may be granted at the sole

discretion of the Court.

25.    **Additional Parties**:   Should any additional parties be named in this Action,

neither they nor their counsel shall be given access to Confidential Information or Highly

Confidential Information prior to agreeing to this Protective Order and filing a certification of

such agreement with the Court.

26.    **Headings**:  The headings herein are provided only for the convenience of the

parties and are not intended to define or limit the scope of the express terms of this Protective

Order.

Dated: _____

_____
THE HONORABLE MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

DMSLIBRARY01-20488717.1

**<u>EXHIBIT A</u>**

## EXHIBIT B

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], hereby

acknowledge that I have received a copy of the Protective Order entered by the United States

District Court for the Eastern District of Texas in the case of St. Gregory Cathedral School, ADK

Quarter Moon, LLC, Lexmi Hospitality, LLC, and ShriBalaji, LLC v. LG Electronics, Inc. and

LG Electronics U.S.A., Inc., Case No. 6:12-CV-739 (hereinafter, the "Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order

explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound

by such terms.

If I receive documents or information designated as Confidential Information or Highly

Confidential Information, as the terms are defined in the Protective Order, I understand that such

information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose other than is

permitted by the Protective Order any information disclosed to me pursuant to the terms of the

Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the

Eastern District of Texas for resolution of any matters pertaining to the Protective Order.


My address is: _____

My present employer is: _____

DMSLIBRARY01-20488717.1

Dated: _____     Signed: _____