**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ST. GREGORY CATHEDRAL** | § | |
| **SCHOOL, et al.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:12-cv-739** |
| | § | |
| **LG ELECTRONICS, INC., et al.** | § | |

**SCHEDULING AND DISCOVERY ORDER**

Based on a review of the case, and in accordance with the parties' Proposed Scheduling

and Discovery Order, the Court enters this case specific order which controls disposition of this

action through the class certification stage. Also before the Court is the parties' Joint Motion to

Amend Scheduling Order (Doc. No. 68). Having considered the motion, it is GRANTED.

Accordingly, the Court incorporates the amendments into this schedule.

**I.   SUMMARY OF CRITICAL DATES**

| PREHEARING EVENTS | DEADLINES |
|---|---|
| Deadline for Plaintiffs and LG USA to serve initial disclosures relating to class certification issues (¶ 1) | May 24, 2013 |
| Deadline for LG KR to serve initial disclosures relating to class certification issues (¶ 1) | June 20, 2013 |
| Deadline to file motions to dismiss (¶ 2) | April 5, 2013 |
| Deadline to exchange privilege logs (for non-ESI documents) related to class certification issues (¶ 3) | July 8, 2013 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof on class certification issues (¶ 4) | September 27, 2013 |

| | |
|---|---|
| Deadline for expert witnesses designated by the party with the burden of proof on class certification issues to be made available for deposition | October 22, 2013 |
| Deadline to notify Court of mediator (¶ 6) | May 1, 2013 |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof on class certification issues (¶ 4) | November 22, 2013 |
| Deadline for expert witnesses designated by the party without the burden of proof on class certification issues to be made available for deposition | December 6, 2013 |
| Deadline to file objections to experts (including *Daubert* challenges) | December 31, 2013 |
| Discovery deadline for class certification issues (¶ 5) | December 11, 2013 |
| Deadline to complete **required** mediation (¶ 6) | May 2, 2014 |
| Deadline for motion for class certification | January 31, 2014 |
| Deadline for response to motion for class certification | March 17, 2014 |
| Deadline for reply in support of motion for class certification | March 28, 2014 |
| Deadline for parties to exchange prehearing disclosures related to the class certification hearing (¶ 7) | March 28, 2014 |
| Deadline for parties to exchange objections to the prehearing disclosures (¶ 7) | April 6, 2014 |
| Deadline for parties to meet and confer on resolving objections (¶ 8) | April 13, 2014 |
| Deadline to file prehearing materials (including findings of fact and conclusions of law) and unresolved objections (¶ 9) | April 18, 2014 |
| Class certification hearing | **May 22, 2014 at 9:00 a.m. in TYLER, TEXAS** |

## II.  SCHEDULING INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure[1] and the local rules of this

Court (except as modified herein), the Court, having considered the joint report submitted by the

parties, finds that the schedule set forth above governs the disposition of this case through the class certification issue.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

> **The deadlines imposed in this order are firmly in place, absent the few exceptions set forth below. The Court has reviewed and taken into consideration the parties' Joint Discovery/Case Management Plan. In so doing, the Court assumes that the parties thoroughly discussed the issues prior to submitting their joint plan. Accordingly, a party is not excused from the requirements of this order because it has not completed its investigation of the case or because another party has not complied with the deadlines. A party is not excused from the requirements and deadlines set forth due to the status of pending motions, including dispositive motions, motions to change venue, or motions for continuance.**

1.    **Initial Disclosures:** Without waiting for a request, the parties must exchange their required disclosures under Rule 26(a)(1). The parties must also disclose a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and ***that are relevant to any party's claim or defense related to certification***.

Because documents relevant to any claim or defense are to be produced, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a

---

[1] Unless otherwise noted, all references to "Rules" in this order refer to the Federal Rules of Civil Procedure.

motion to compel documents without the necessity of a movant propounding formal requests for production.

**Duty to Supplement:** Each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

2.   **Motions to Dismiss:** All motions asserting defenses under **Rule 12(b)(6)** must be filed by the date listed above.

3.   **Privilege Logs:** There is no duty to disclose privileged documents or information, but the parties must exchange privilege logs by the deadline set forth in this order. No later than 30 days after exchanging privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any party's privilege log.

4.   **Experts:**

   a.   **Designation of Expert(s) and Report(s) by Party With the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each **expert witness** who will testify at the certification hearing on each issue for which that party bears the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). *Each party is limited to two testifying expert witnesses.*

   b.   **Designation of Expert(s) and Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof:** Unless otherwise stipulated or directed by

order, each party must file a written designation of the name and address of each **expert witness** who will testify at the certification hearing on each issue for which that party does not bear the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). *Each party is limited to two testifying expert witnesses.*

c.   **Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party. Fed. R. Civ. P. 16(b)(1).

d.   **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than the deadline listed above.

5.   **Completion of Discovery:** All **discovery**—including discovery concerning expert witnesses—must be completed by the date listed above. The parties may agree to extend this discovery deadline, provided (i) the extension **does not affect** the hearing setting, dispositive motions deadline, challenges to experts deadline, or prehearing submission deadlines; and (ii) **written notice** of the extension is given to the Court.

Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties must proceed in accordance with Local Rule CV-26(f).

6. **Mediation:** The parties must file a **Joint Report** informing the Court of their choice of an agreed-upon mediator. In the event the parties are unable to agree upon a mediator, the parties must file a notice indicating the deadlock. The parties are required to mediate their case pursuant to the Court-Annexed Mediation Plan. *See* Local Rule App. H.

7. **Prehearing Disclosures and Objections:** Unless otherwise directed by the Court, the parties must serve the disclosures required by Rule 26(a)(3)(A) by the prehearing disclosure deadline listed above. (The parties need not file this information with the Court until the deadline to file prehearing materials.) With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use.

By the date listed above, a party must serve a list disclosing any objections, together with the grounds therefor, to: (i) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (ii) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[2] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

8. **Meet and Confer Requirement:** The parties are expected to cooperate in

---

[2] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the

the exchange of information to ensure that objections may be timely filed.

The parties also must adhere to the meet and confer requirement set forth

in Local Rule CV-7(h) **before filing their objections to the prehearing**

**materials** (*see* ¶9). This will help to narrow issues that are *actually* in

dispute. The Court will exclude any exhibit offered at the certification

hearing unless the parties timely comply with this section.

9.      **Prehearing Materials:** All prehearing materials must be filed by the date

listed above. Specifically, by this date the parties must file the following:

a.      **Prehearing Order:** A joint proposed prehearing order must be submitted by Plaintiff's attorney. The parties should model the order after the Court's standard pretrial order. *See* Local Rule App. D. If an attorney for either party does not participate in the preparation of the joint prehearing order, the opposing attorney must submit a separate order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint prehearing order; therefore, failure to agree upon content or language is **not an excuse for submitting separate prehearing orders**. When the joint prehearing order is approved by the Court, it will control all subsequent proceedings in this case related to class certification.

b.      **Witness List:** A list of witnesses, in alphabetical order, must be filed by each party. (A sample form is available on the Court's website, www.txed.uscourts.gov). The list must divide the persons listed into groups of **"will call," "may call," and "may, but probably not call"** and must provide:

---

requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

(i)      the **names and addresses** of each witness;

(ii)     a **brief narrative summary** of the testimony;

(iii)    whether the witness has been **deposed**; and

(iv)     the **expected duration** of direct and cross-examination of the witness.

c.     **Exhibit List and Deposition Testimony Designation:** A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions that a party in good faith intends to offer at the certification hearing must be filed by each party. Regarding the exhibits, the parties must adhere to the following requirements:

(i)      Describe with specificity the documents or things in numbered sequence.

(ii)     Exhibits must be numbered numerically and in succession, and must be marked with the case number. They must be marked **before the certification hearing** with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "PX1-Jones" or "DX1-Miller."

WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED. FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS "PX1-1," THE SECOND PAGE MARKED AS "PX1-2," AND THE THIRD PAGE MARKED AS "PX1-3."

(iii)    Each party must also file written objections to the opposing party's exhibits and

deposition designations or a notice of no objections. Objections must be filed with the proposed prehearing order and should identify the contested exhibit by number and **explain in detail** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.

d. **Proposed Findings of Fact and Conclusions of Law:** Proposed findings of fact and conclusions of law must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs.

10. **Exchange of Exhibits:** No later than **three business days before the certification hearing,** counsel for each party intending to offer exhibits must **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel.

11. **Modification of Scheduling and Discovery Order:** As addressed above, this order will control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed. R. Civ. P. 16(b). Any request that the certification hearing date of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery. Neither pending motions nor the failure to complete discovery establish good cause for a continuance.

12.   **Sanctions:** Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions. If the *Plaintiff* does not timely file the required prehearing material, the case will be dismissed. If the *Defendant/third party* does not timely file the required (or other) prehearing material, a default will be entered or the Defendant/third party will not be permitted to present witnesses or exhibits at the certification hearing. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal will be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

It is **SO ORDERED.**

**SIGNED this 3rd day of May, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE