# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ST. GREGORY CATHEDRAL SCHOOL, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS, INC., *et al.*,<br><br>    Defendants. | Case No. 6:12-CV-739 (MHS) |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
## IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

Scott E. Stevens
State Bar No. 00792024
David P. Henry
State Bar No. 24027015
STEVENS | HENRY, PLLC
P.O. Box 3427
Longview, Texas 75606
Telephone: 903.753.6760
Facsimile: 903.753.6761
scott@stevenshenry.com
david@stevenshenry.com

Phoebe A. Wilkinson
A. Elizabeth Korchin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel: 212.918.3000
Fax: 212.918.3100
phoebe.wilkinson@hoganlovells.com
elizabeth.korchin@hoganlovells.com

Adam K. Levin
Erica K. Songer
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: 202.637.5600
Fax: 202.637.5910
adam.levin@hoganlovells.com
erica.songer@hoganlovells.com

Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively "Defendants") respectfully submit this Notice of Supplemental Authority in further support of their Motion to Dismiss Plaintiffs' Third Amended Complaint ("Motion"). (Defs.' Mot. [Dkt. # 192].) Defendants request that the Court consider the following additional recent authorities in connection with their Motion.[1]

## I. Cases Confirming that Plaintiffs Have Failed to Allege Proximate Cause Under RICO[2]

Defendants' Motion demonstrated that Plaintiffs' RICO claims fail because, among other dispositive reasons, the Third Amended Complaint ("TAC") does not plead a "direct relation between the injury asserted and the injurious conduct," and thus fails to satisfy RICO's proximate cause requirement. (*See* Defs.' Mot. [Dkt. # 192] at 11-12.) Plaintiffs responded in part by arguing that proximate cause had been alleged because they were the "intended victims" of the allegedly fraudulent conduct. (*See* Pls.' Opp. [Dkt. # 199] at 23-24.) On reply, Defendants noted, among other points, that Plaintiffs' arguments as to intent and foreseeability are inapposite. (Defs.' Reply [Dkt. # 203] at 10.) A recent case from the Fifth Circuit further supports Defendants' arguments about the TAC's failure to allege proximate cause:

- *Varela v. Gonzales*, 2014 WL 7003778 (5th Cir. Dec. 11, 2014) (affirming dismissal of RICO claim for failure to sufficiently allege proximate cause)

    o The plaintiffs in *Varela* alleged that the defendants' alleged racketeering activity—which consisted of transporting, harboring, and hiring "illegal aliens"— caused the depression of the plaintiffs' wages. *Id.* at *1. In assessing proximate cause, the Fifth Circuit refused to consider whether the defendants "intended" to suppress plaintiffs' wages (i.e., Plaintiffs' argument here), because "the Supreme Court has made clear that the fact that [defendants] may have intended to depress wages does *not* 'circumvent the proximate-cause requirement.'" *Id.* at *5

---

[1] Defendants respectfully continue to assert all of the arguments in their Motion to Dismiss. This Notice is intended only to update the Court as to certain aspects of the Motion based on case law that was issued subsequent to the filing of Defendants' Reply brief.

[2] The authorities in this Section relate to the following briefing on Defendants' Motion to Dismiss: Defs.' Mot. [Dkt. # 192] at Section I.A.3; Pls.' Opp. [Dkt. # 199] at Section II.E; Defs.' Reply [Dkt. # 203] at Section II.B.2; Pls.' Surreply [Dkt. # 204] at Section III.A.

1

(quoting *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 460 (2006)) (emphasis added). The court made clear that the proper inquiry is whether the "alleged RICO 'violation led *directly* to the [plaintiff's] injuries.'" *Id.* (emphasis in original) (quoting *Anza*, 547 U.S. at 461). No such direct link existed in *Varela*, and no such direct link exists here either. Additionally, the Fifth Circuit reiterated the importance of the more rigorous *Twombly* and *Iqbal* pleading standards in evaluating a motion to dismiss. *Id.* at *2-3. Under *Varela* and the cases cited therein, the RICO claims pled here fail to state a claim.

## II. Cases Confirming that the Alleged "Sales and Service Enterprise" is not an Association-in-Fact Enterprise Under RICO[3]

Defendants' Motion demonstrated that the alleged "Sales & Service Enterprise" does not satisfy RICO's enterprise requirement because it does not function as a "single unit" with a "common purpose," and because Plaintiffs' theory "mistakes the parallel purposes that distributors have to sell their *own* units for a mutually held one." (*See* Defs.' Mot. [Dkt. # 192] at 9-10.) Recent case law further supports Defendants' position:

- *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 CV 1662, 2014 WL 4783833, at *6 (N.D. Ill. Sept. 25, 2014)

    o The plaintiff in *New England*, a health insurer, alleged that the defendant drug manufacturers violated RICO when they instituted "savings card programs" for their drugs Humira and AndroGel. *Id.* at *1. The "savings card programs," which discounted patients' co-pay obligations for the two drugs, were implemented by "co-pay subsidy administrators" and various pharmacies. *Id.* at *1-2. The plaintiff argued that the defendants, their co-pay subsidy administrators, and the "network of pharmacies" formed two association-in-fact enterprises to maximize the sale of Humira and Androgel. *Id.* at *4.

    The court rejected the plaintiff's enterprise theory for two reasons. *See id.* at *5. First, the enterprise allegations were insufficient because there was "no indicia of any association among the pharmacies beyond the fact that they all allegedly process Defendants' co-pay subsidies as secondary insurance." *Id.* Second, while there were "allegations of cooperation between pharmacies and the co-pay subsidy administrators," there was no indication that the pharmacies processed the cards "in order to further the distinct goals of an enterprise, separate and apart from the pharmacies' business," rather than "to advance their individual self-interests." *Id.* at *7 (quoting *United Food and Comm. Workers Unions v. Walgreen Co.*, 719 F.3d 849, 854 (7th Cir. 2013)). The plaintiffs in that case (like

---

[3] The authorities in this Section relate to the following briefing on Defendants' Motion to Dismiss: Defs.' Mot. [Dkt. # 192] at Section I.A.2; Pls.' Opp. [Dkt. # 199] at Section II.C-D; Defs.' Reply [Dkt. # 203] at Section II.A.3; Pls.' Surreply [Dkt. # 204] at Section II.B.

> Plaintiffs here) alleged a shared goal to maximize sales, but the court rejected such a theory and instead found that the Complaint fell "short of indicating that pharmacies processed savings cards in a fraudulent manner in order to further the distinct goals of an enterprise, separate and apart from the pharmacies' business." *Id.* at *6.
>
> *See also id.* at *5 ("It is not enough to allege that members of the enterprise 'had a commercial relationship'; they must instead have 'joined together to create a distinct entity' for a specific purpose. . . . A plaintiff must also allege that the enterprise members were conducting the affairs of the enterprise, as opposed to their own affairs. . . . [T]he complaint must allege facts that show the enterprise members formed the association-in-fact for purposes of carrying out the enterprise's goals.").

- *See also D. Penguin Bros. Ltd. v. City Nat'l Bank*, No. 14–1056–CV, 2014 WL 5293242, at *5 (2d Cir. Oct. 16, 2014) (emphasis added) (although two individuals alleged to have formed an enterprise "worked together in some respects to steal plaintiffs' funds," the allegations did not create a plausible inference that they did so for a "shared purpose").

## III. Cases Confirming that Rule 9(b) Applies to Plaintiffs' State Consumer Fraud Claims and Plaintiffs Have Failed to Meet this Pleading Standard[4]

Defendants' Motion showed that Plaintiffs' claims under state consumer fraud laws failed to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b). (*See* Defs.' Mot. [Dkt. # 192] at 18-19.) In response, Plaintiffs argued that the Rule 9(b) pleading standard does not apply to their consumer protection claims "[w]here fraud is not an element…." (Pls.' Opp. [Dkt. # 199] at 28-29.) Defendants responded by noting that Rule 9(b) applies because Plaintiffs' claims sound in fraud, notwithstanding that the consumer fraud statutes at issue cover more than fraudulent conduct or contain different elements. (Defs.' Reply [Dkt. # 203] at 13-14.) Recent case law further supports Defendants' arguments:

- *Kearney v. Equilon Enterprises, LLC*, No. 3:14-CV-00254-HZ, 2014 WL 6769697 (D. Or. Dec. 1, 2014) (applying Rule 9(b) standard to claims under Oregon and California's Unfair Trade Practices Acts because "the relevant inquiry is not whether the state consumer protection statutes specifically mention fraud or require an individual to plead the elements of fraud. . . . Rather, the relevant inquiry is whether Plaintiffs have alleged a unified course of fraudulent conduct and rely entirely on that course of conduct as the

---

[4] The authorities in this Section relate to the following briefing on Defendants' Motion to Dismiss: Defs.' Mot. [Dkt. # 192] at Section II; Pls.' Opp. [Dkt. # 199] at Section III; Defs.' Reply [Dkt. # 203] at Section IV; Pls.' Surreply [Dkt. # 204] at Section IV.B-C.

3

basis for their claim," and dismissing the claims because the plaintiff, as here, failed to plead with particularity when and where it viewed the alleged misrepresentations).

- *Shupe v. Cricket Commc'ns, Inc.*, No. CV 13-1052-TUC-JAS, 2014 WL 6983245 (D. Ariz. Dec. 10, 2014) (applying Rule 9(b) standard and dismissing claims under Arizona's Consumer Fraud Act in part because, similar to Plaintiffs in this case, the plaintiff could not plead reliance).

- *Slebodnik v. Reynolds & Reynolds Co.*, No. 3:14-CV-03772 FLW, 2014 WL 6609132 at *8 (D.N.J. Nov. 20, 2014) (applying the Rule 9(b) standard to claims under the New Jersey Consumer Fraud Act and dismissing the claims, stating "[c]ritically, Plaintiffs do not allege any facts that connect Defendant's alleged unlawful conduct—selling license plate frames that are not in compliance with some state motor vehicle laws—and Plaintiffs' alleged ascertainable loss. For example, Plaintiffs do not allege that Plaintiffs have even seen or read Defendant's advertising on license plate frames. Indeed, based on the language of Defendant's brochure, the marketing material was directed only towards car dealerships, not to individual customers. Plaintiffs have not alleged that there were any other brochures or advertisements that induced them to purchase Defendant's license plate frames. Even more compelling, Plaintiffs did not directly purchase the license plate frames, but rather, the Flemington Dealerships purchased and installed the license plate frames. In that regard, Plaintiffs do not allege how the marketing materials sent to the car dealership have any bearing on Plaintiffs' decision to purchase the license plate frames vis-à-vis the automobile. Accordingly, the Court finds that Plaintiffs do not allege a causal connection with sufficient particularity required by Rule 9(b)."). As was the case in *Slebodnik*, Mamta Enterprises (the sole New Jersey plaintiff) has not alleged that it came in to contact with any LG marketing, advertising or sales-related statements/literature.

## IV. Cases Confirming that LG's Warranties Did Not Fail Their Essential Purpose[5]

Plaintiffs argued in their briefing that the limitations and exclusions contained in LG's limited warranty are unenforceable because the warranty fails its essential purpose. (Pls.' Opp. [Dkt. # 199] at 38-39.) In response, Defendants explained that a warranty only fails its essential purpose when the warrantor refuses to repair or replace the product, which did not occur (and was not alleged) in this case. (Defs.' Reply [Dkt. # 203] at 21-22.) Recent case law in a case dealing with HVAC warranties and alleged product defects further supports Defendants' arguments:

---

[5] The authorities in this Section relate to the following briefing on Defendants' Motion to Dismiss: Pls.' Opp. [Dkt. # 199] at Section IV.B; Defs.' Reply [Dkt. # 203] at VI.C.

- *Fowler v. Goodman Mfg. Co. LP*, No. 2:14-CV-968-RDP, 2014 WL 7048581 (N.D. Ala. Dec. 12, 2014)

    o In *Fowler*, the plaintiffs' claims involved allegations that a defendant HVAC manufacturer sold products with defective evaporator and condenser coils, causing the HVAC unit to leak refrigerant. The plaintiff, as with the Plaintiffs here, argued that the restrictions in a limited warranty were unconscionable as the warranty failed its essential purpose. The court rejected this, stating that in order to show that a warranty fails its essential purpose "a plaintiff must present proof that the seller was unable or unwilling to abide by its promised remedies," and the defendant had provided warranty service whenever requested by the plaintiff. *Id.* at *5.

Dated: January 30, 2015

Respectfully submitted,

/s/ *Phoebe A. Wilkinson*
Phoebe A. Wilkinson
A. Elizabeth Korchin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel: 212.918.3000
Fax: 212.918.3100
phoebe.wilkinson@hoganlovells.com
elizabeth.korchin@hoganlovells.com

Scott E. Stevens
State Bar No. 00792024
David P. Henry
State Bar No. 24027015
STEVENS | HENRY, PLLC
P.O. Box 3427
Longview, Texas 75606
Telephone: 903.753.6760
Facsimile: 903.753.6761
scott@stevenshenry.com
david@stevenshenry.com

Adam K. Levin
Erica K. Songer
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004

Tel: 202.637.5600
Fax: 202.637.5910
adam.levin@hoganlovells.com
erica.songer@hoganlovells.com

*Counsel for Defendants LG Electronics U.S.A., Inc. and LG Electronics, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). True and correct copies of this document also will be served on all counsel of record by electronic mail on this the 30th day of January, 2015.

/s/ *Erica K. Songer*